# EXHIBIT A

ELECTRONICALLY FILED
10/16/2024 11:31 AM
01-CV-2024-904135.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01<br><br>Date of Filing:<br>10/16/2024 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TAMARA LYNN HAMNER ET AL v. 3M COMPANY ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA  - Wrongful Death
☐ TONG  - Negligence: General
☐ TOMV  - Negligence: Motor Vehicle
☐ TOWA  - Wantonness
☑ TOPL  - Product Liability/AEMLD
☐ TOMM  - Malpractice-Medical
☐ TOLM  - Malpractice-Legal
☐ TOOM  - Malpractice-Other
☐ TBFM  - Fraud/Bad Faith/Misrepresentation
☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE  - Personal Property
☐ TORE  - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN  - Abandoned Automobile
☐ ACCT  - Account & Nonmortgage
☐ APAA  - Administrative Agency Appeal
☐ ADPA  - Administrative Procedure Act
☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
           Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT  - Civil Rights
☐ COND  - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP  - Contempt of Court
☐ CONT  - Contract/Ejectment/Writ of Seizure
☐ TOCN  - Conversion
☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/
           Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD  - Eviction Appeal/Unlawful Detainer
☐ FORJ  - Foreign Judgment
☐ FORF  - Fruits of Crime Forfeiture
☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB  - Protection From Abuse
☐ EPFA  - Elder Protection From Abuse
☐ QTLB  - Quiet Title Land Bank
☐ FELA  - Railroad/Seaman (FELA)
☐ RPRO  - Real Property
☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP  - Workers' Compensation
☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING  A ☐ APPEAL FROM
                                      DISTRICT COURT  O ☐ OTHER

            R ☐ REMANDED  T ☐ TRANSFERRED FROM
                                      OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO  **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

CAD010                10/16/2024 11:31:48 AM                /s/ GREGORY A. CADE
_____          _____          _____
                      Date                            Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☐ NO



ELECTRONICALLY FILED
10/16/2024 11:31 AM
01-CV-2024-904135.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT
FOR THE TENTH JUDICIAL CIRCUIT
JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **TAMARA LYNN HAMNER;** | |
| **JAMES ALLEN JR.;** | |
| **AMANDA ANDERSON;** | |
| **WAYNE PAUL BACH;** | **Civil Action No:**_____ |
| **TROY BODDIE;** | |
| **VANESSA BROWN-WILLIAMS;** | |
| **PATRICK JAMES BURK;** | |
| **JOHN CASWELL;** | **AMENDED COMPLAINT AND** |
| **HARLAN SHELDON CLARK;** | **JURY DEMAND** |
| **JOSEPH BENJAMIN COHEN;** | |
| **SAMUEL CRAWFORD;** | |
| **DARREL CYRUS;** | |
| **DEREK RICHARD DEN BESTEN;** | |
| **CLARENCE EVANS;** | |
| **JOSHUA FREEMAN;** | |
| **YANCY VANSHON GABLE;** | |
| **STEVEN GARCIA;** | |
| **ROBERT GILBERT;** | |
| **GILBERT WILLIAM GRAJALES;** | |
| **CREIG GRIFFIN;** | |
| **LINDSEY HOLMES;** | |
| **ALLEN HUDSON;** | |
| **EDMOND TERRILL JOHNSON;** | |
| **DEBE KNUDSEN;** | |
| **JODY LACOSS;** | |
| **JILL LANTO;** | |
| **MICHAEL LIPKIN;** | |
| **RAYMOND JOSEPH MACKEY;** | |
| **WILLIAM MAINES;** | |
| **HUGH MALONE;** | |
| **YVONNE ARTERBERRY MARTINI;** | |
| **NEIL MELTON;** | |
| **LINDA MARIE MILLER;** | |
| **MELISSA MLSNA;** | |
| **TIMOTHY OSBURN;** | |
| **DWAYNE PATTERSON;** | |
| **RUDDY I. PEREDA;** | |
| **JAMES PHILLIPS;** | |
| **JOSEPH PRUDHOMME;** | |
| **EDWARD ROMAN;** | |
| **LINDA RUSH;** | |
| **JOSEPHINE RYALS;** | |
| **JAMES KIRK SHERWOOD;** | |
| **THOMAS JAMES STOKES SR.;** | |
| **CLARENCE STROTHER;** | |
| **MARY THOMAS;** | |

1

**TERRY TREMBLAY;**
**RANDY G. WARD;**
**JEAN WILLIAMS;**
**ORALENE FRANCES WORTHINGTON,**

   **Plaintiffs,**

**v.**

**3M COMPANY (f/k/a Minnesota**
**Mining and Manufacturing Company);**
**AGC CHEMICALS AMERICAS INC.;**
**AMEREX CORPORATION;**
**ARCHROMA U.S. INC.;**
**ARKEMA, INC.;**
**BASF CORPORATION**
**BUCKEYE FIRE EQUIPMENT**
**COMPANY;**
**CARRIER GLOBAL CORPORATION;**
**CHEMDESIGN PRODUCTS, INC.;**
**CHEMGUARD, INC.;**
**CHEMICALS, INC.;**
**CHEMOURS COMPANY FC, LLC;**
**CHUBB FIRE, LTD;**
**CLARIANT CORP.;**
**CORTEVA, INC.;**
**DAIKIN AMERICA, INC.;**
**DEEPWATER CHEMICALS, INC.;**
**DU PONT DE NEMOURS INC. (f/k/a**
**DOWDUPONT INC.);**
**DYNAX CORPORATION;**
**E.I. DU PONT DE NEMOURS AND**
**COMPANY;**
**JOHNSON CONTROLS, INC.;**
**KIDDE PLC;**
**NATION FORD CHEMICAL**
**COMPANY;**
**NATIONAL FOAM, INC.;**
**PERIMETER SOLUTIONS, LP;**
**THE CHEMOURS COMPANY;**
**TYCO FIRE PRODUCTS LP, as**
**successor-in-interest to The Ansul Company;**
**UNITED TECHNOLOGIES**
**CORPORATION;**
**UTC FIRE & SECURITY AMERICAS**
**CORPORATION, INC. (f/k/a GE**
**Interlogix, Inc.),**

   **Defendants.**

## COMPLAINT

COMES NOW, the Plaintiff, by and through undersigned counsel, and alleges upon information and belief as follows:

## INTRODUCTION

1.     Plaintiffs bring this action for damages for personal injury resulting from exposure to the toxic chemicals collectively known as per and polyfluoroalkyl substances ("PFAS"). PFAS includes, but is not limited to, perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") and related chemicals including those that degrade to PFOA and/or PFOS.

2.     Defendants collectively designed, marketed, developed, manufactured, distributed, released, promoted, sold, and/or otherwise inappropriately disposed of PFAS chemicals with knowledge that it was highly toxic and bio persistent, which would expose plaintiffs to the risks associated with PFAS.

3.     PFAS binds to proteins in the blood of humans exposed to the material and remains and persists over long periods of time. Due to their unique chemical structure, PFAS accumulates in the blood and body of exposed individuals.

4.     PFAS are highly toxic and carcinogenic chemicals. Defendants knew, or should have known, that PFAS remain in the human body while presenting significant health risks to humans.

5.     Plaintiffs were unaware of the dangerous PFAS in their drinking water and unaware of the toxic nature of the Defendants' PFAS in general. Plaintiffs' consumption of PFAS from Defendants' contamination and inappropriate disposal caused Plaintiffs to develop the serious medical conditions and complications alleged herein.

3

6.     Through this action, Plaintiffs seek to recover compensatory and punitive damages arising out of the permanent and significant damages sustained as a direct result of exposure to Defendants' PFAS at various locations. Plaintiffs further seek injunctive, equitable, and declaratory relief arising from the same.

## JURISIDICTION AND VENUE

7.     The Defendants are subject to the jurisdiction of this Court on the grounds that (a) one or more of the Defendants is a foreign corporation whose principal place of business is located in the State of Alabama; (b) one or more of the Defendants are foreign corporations that either are registered to conduct business in the State of Alabama and have actually transacted business in Alabama; and/or (c) one or more of the Defendants is a domestic corporation native to the State of Alabama.

8.     Venue is proper pursuant to *Alabama Code Section 6-3-7* as significant events resulting in the cause of action and subsequent injuries occurred in this county.

9.     Joinder of all parties is proper pursuant to Rule 20(a) of the *Alabama Rules of Civil Procedure*. Defendants are permissively joined in this action because the exposure, injuries, and relief requested all arise out of similar occurrences or transactions and questions of law and fact are common to all parties.

## PARTIES

10.    Plaintiff Tamara Lynn Hamner is a resident and citizen of Tuscaloosa, Alabama. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

11.     Plaintiff Tamara Lynn Hamner was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

12.      Plaintiff James Allen Jr. is a resident and citizen of Newnan, Georgia. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

13.     Plaintiff James Allen Jr. was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

14.      Plaintiff Amanda Anderson is a resident and citizen of Richmond, Virginia. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

15.     Plaintiff Amanda Anderson was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

16.      Plaintiff Wayne Paul Bach is a resident and citizen of New Smyrna Beach, Florida. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

17.     Plaintiff Wayne Paul Bach was diagnosed with testicular cancer as a result of exposure to Defendants' PFAS contamination.

18.      Plaintiff Troy Boddie is a resident and citizen of Clemson, South Carolina. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

19.     Plaintiff Troy Boddie was diagnosed with liver cancer as a result of exposure to Defendants' PFAS contamination.

20.     Plaintiff Vanessa Brown-Williams is a resident and citizen of Lexington, South Carolina. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

21.     Plaintiff Vanessa Brown-Williams was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

22.     Plaintiff Patrick James Burk is a resident and citizen of Fulshear, Texas. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

23.     Plaintiff Patrick James Burk was diagnosed with testicular cancer as a result of exposure to Defendants' PFAS contamination.

24.     Plaintiff John Caswell is a resident and citizen of Gainesville, Florida. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

25.     Plaintiff John Caswell was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

26.     Plaintiff Harlan Sheldon Clark is a resident and citizen of Long Prairie, Minnesota. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

27.    Plaintiff Harlan Sheldon Clark was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

28.    Plaintiff Joseph Benjamin Cohen is a resident and citizen of Lewisburg, Tennessee. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

29.    Plaintiff Joseph Benjamin Cohen was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

30.    Plaintiff Samuel Crawford is a resident and citizen of Binghamton, New York. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

31.    Plaintiff Samuel Crawford was diagnosed with liver cancer as a result of exposure to Defendants' PFAS contamination.

32.    Plaintiff Darrel Cyrus is a resident and citizen of Saraland, Alabama. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

33.    Plaintiff Darrel Cyrus was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

34.    Plaintiff Derek Richard Den Besten is a resident and citizen of Hesperia, California. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

35.     Plaintiff Derek Richard Den Besten was diagnosed with liver cancer as a result of exposure to Defendants' PFAS contamination.

36.     Plaintiff Clarence Evans is a resident and citizen of High Point, North Carolina. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

37.     Plaintiff Clarence Evans was diagnosed with testicular cancer as a result of exposure to Defendants' PFAS contamination.

38.     Plaintiff Joshua Freeman is a resident and citizen of Arlington, Georgia. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

39.     Plaintiff Joshua Freeman was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

40.     Plaintiff Yancy Vanshon Gable is a resident and citizen of Mobile, Alabama. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

41.     Plaintiff Yancy Vanshon Gable was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

42.     Plaintiff Steven Garcia is a resident and citizen of San Antonio, Texas. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

43.     Plaintiff Steven Garcia was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

44.     Plaintiff Robert Gilbert is a resident and citizen of Brooklyn, Michigan. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

45.     Plaintiff Robert Gilbert was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

46.     Plaintiff Gilbert William Grajales is a resident and citizen of Sequim, Washington. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

47.     Plaintiff Gilbert William Grajales was diagnosed with testicular cancer as a result of exposure to Defendants' PFAS contamination.

48.     Plaintiff Creig Griffin is a resident and citizen of Irving, Texas. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

49.     Plaintiff Creig Griffin was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

50.     Plaintiff Lindsey Holmes is a resident and citizen of Hoschton, Georgia. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

51.     Plaintiff Lindsey Holmes was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

52.     Plaintiff Allen Hudson is a resident and citizen of Ketchikan, Alaska. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

53.     Plaintiff Allen Hudson was diagnosed with liver cancer as a result of exposure to Defendants' PFAS contamination.

54.     Plaintiff Edmond Terrill Johnson is a resident and citizen of Denver, Colorado. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

55.     Plaintiff Edmond Terrill Johnson was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

56.     Plaintiff Debe Knudsen is a resident and citizen of Apache Junction, Arizona. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

57.     Plaintiff Debe Knudsen was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

58.     Plaintiff Jody Lacoss is a resident and citizen of Silver Springs, Nevada. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

59.     Plaintiff Jody Lacoss was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

60.     Plaintiff Jill Lanto is a resident and citizen of Fremont, California. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

61.     Plaintiff Jill Lanto was diagnosed with liver cancer as a result of exposure to Defendants' PFAS contamination.

62.     Plaintiff Michael Lipkin is a resident and citizen of Sacramento, California. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

63.     Plaintiff Michael Lipkin was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

64.     Plaintiff Raymond Joseph Mackey is a resident and citizen of Memphis, Tennessee. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

65.     Plaintiff Raymond Joseph Mackey was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

66.     Plaintiff William Maines is a resident and citizen of Dillingham, Alaska. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

67.     Plaintiff William Maines was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

68.     Plaintiff Hugh Malone is a resident and citizen of Wyoming, Pennsylvania. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

69.     Plaintiff Hugh Malone was diagnosed with testicular cancer as a result of exposure to Defendants' PFAS contamination.

70.     Plaintiff Yvonne Arterberry Martini is a resident and citizen of Scottsdale, Arizona. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

71.     Plaintiff Yvonne Arterberry Martini was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

72.     Plaintiff Neil Melton is a resident and citizen of Port Saint Lucie, Florida. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

73.     Plaintiff Neil Melton was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

74.     Plaintiff Linda Marie Miller is a resident and citizen of Staunton, Virginia. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

75.    Plaintiff Linda Marie Miller was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

76.    Plaintiff Melissa Mlsna is a resident and citizen of Madison, Wisconsin. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

77.    Plaintiff Melissa Mlsna was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

78.    Plaintiff Timothy Osburn is a resident and citizen of Quinlan, Texas. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

79.    Plaintiff Timothy Osburn was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

80.    Plaintiff Dwayne Patterson is a resident and citizen of Oklahoma City, Oklahoma. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

81.    Plaintiff Dwayne Patterson was diagnosed with testicular cancer as a result of exposure to Defendants' PFAS contamination.

82.    Plaintiff Ruddy I. Pereda is a resident and citizen of Jacksonville, Florida. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

83.    Plaintiff Ruddy I. Pereda was diagnosed with liver cancer as a result of exposure to Defendants' PFAS contamination.

84.    Plaintiff James Phillips is a resident and citizen of Rogers, Arkansas. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

85.    Plaintiff James Phillips was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

86.    Plaintiff Joseph Prudhomme is a resident and citizen of Mamou, Louisiana. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

87.    Plaintiff Joseph Prudhomme was diagnosed with testicular cancer as a result of exposure to Defendants' PFAS contamination.

88.    Plaintiff Edward Roman is a resident and citizen of Tucson, Arizona. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

89.    Plaintiff Edward Roman was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

90.    Plaintiff Linda Rush is a resident and citizen of Spokane, Washington. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

91.    Plaintiff Linda Rush was diagnosed with liver cancer as a result of exposure to Defendants' PFAS contamination.

92.     Plaintiff Josephine Ryals is a resident and citizen of Fort Mc Coy, Florida. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

93.    Plaintiff Josephine Ryals was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

94.     Plaintiff James Kirk Sherwood is a resident and citizen of Manchester, New Hampshire. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

95.    Plaintiff James Kirk Sherwood was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

96.     Plaintiff Thomas James Stokes Sr. is a resident and citizen of Radcliff, Kentucky. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

97.    Plaintiff Thomas James Stokes Sr. was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

98.     Plaintiff Clarence Strother is a resident and citizen of Columbia, South Carolina. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

99.     Plaintiff Clarence Strother was diagnosed with testicular cancer as a result of exposure to Defendants' PFAS contamination.

100.     Plaintiff Mary Thomas is a resident and citizen of Sawyerville, Alabama. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

101.     Plaintiff Mary Thomas was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

102.     Plaintiff Terry Tremblay is a resident and citizen of Sparks, Nevada. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

103.     Plaintiff Terry Tremblay was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

104.     Plaintiff Randy G. Ward is a resident and citizen of King, North Carolina. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

105.     Plaintiff Randy G. Ward was diagnosed with kidney cancer as a result of exposure to Defendants' PFAS contamination.

106.     Plaintiff Jean Williams is a resident and citizen of Triangle, Virginia. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

107.    Plaintiff Jean Williams was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

108.    Plaintiff Oralene Frances Worthington is a resident and citizen of Portland, Oregon. Plaintiff was exposed to PFAS chemicals through drinking water both at home and at their place of work, due to contamination on behalf of the defendants, and potential AFFF sources.

109.    Plaintiff Oralene Frances Worthington was diagnosed with thyroid cancer as a result of exposure to Defendants' PFAS contamination.

110.    Defendant, 3M Company, f/k/a Minnesota Mining and Manufacturing Company, ("3M"), is a Delaware corporation and does business throughout the United States. 3M has its principal place of business at 3M Center, St. Paul, Minnesota 55133.

111.    3M designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

112.    Defendant AGC Chemicals Americas, Inc. ("AGC") is a Delaware corporation and does business throughout the United States. AGC has its principal place of business at 55 E. Uwchlan Ave., Suite 201, Exton, Pennsylvania 19341.

113.    AGC designed, marketed, developed, manufactured, distributed, released, trained users,

17

produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

114.    Defendant Amerex Corporation ("Amerex") is an Alabama corporation and does business throughout the United States. Amerex has its principal place of business at 7595 Gadsden Highway, Trussville, Alabama 35173.

115.    Amerex designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

116.    Defendant Archroma U.S. Inc. ("Archroma") is a North Carolina company and does business throughout the United States. Archroma has its principal place of business at 5435 77 Center Drive, #10 Charlotte, North Carolina 28217. Upon information and belief, Archroma was formed in 2013 as part of the acquisition of Clariant Corporation's Textile Chemicals, Paper Specialties and Emulsions business by SK Capital Partners.

117.    Archroma designed, marketed, developed, manufactured, distributed, released, trained

18

users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

118.    Defendant Arkema, Inc. ("Arkema") is a Pennsylvania corporation and does business throughout the United States. Arkema has its principal place of business at 900 1st Avenue, King of Prussia, Pennsylvania 19406. Upon information and belief, assets of Arkema's fluorochemical business were purchased by Defendant Dupont in 2002.

119.    Arkema designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

120.    Defendant BASF Corporation ("BASF") is a Delaware corporation and does business throughout the United States. BASF has its principal place of business at 100 Park Avenue, Florham Park, New Jersey 07932.

121.    BASF designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing

19

PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

122.    Defendant Buckeye Fire Equipment Company ("Buckeye") is an Ohio corporation and does business throughout the United States. Buckeye has its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

123.    Buckeye designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

124.    Defendant Carrier Global Corporation ("Carrier") is a Delaware corporation and does business throughout the United States. Carrier has its principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418. Upon information and belief, Carrier was formed in 2020 and is the parent company of Kidde-Fenwal, Inc., a manufacturer of AFFF.

125.    Carrier designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are

20

the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

126.     Defendant ChemDesign Products, Inc. ("ChemDesign") is a Texas corporation and does business throughout the United States. ChemDesign has its principal place of business at 2 Stanton Street, Marinette, Wisconsin 54143.

127.     ChemDesign designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

128.     Defendant Chemguard, Inc. ("Chemguard") is a Wisconsin corporation and does business throughout the United States. Chemguard has its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

129.     Chemguard designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or

21

otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

130.    Defendant Chemicals, Inc. ("Chemicals") is a Texas corporation and does business throughout the United States. Chemicals has its principal place of business at 12321 Hatcherville Road, Baytown, Texas 77521.

131.    Chemicals designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

132.    Defendant Chemours Company FC, LLC ("Chemours FC"), is a Delaware corporation and does business throughout the United States. Chemours has its principal place of business at 1007 Market Street, Wilmington, Delaware 19899. Chemours FC is a subsidiary of The Chemours Company.

133.    Chemours FC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

22

134.    Defendant Chubb Fire, Ltd. ("Chubb") is a foreign private limited company, with offices at Littleton Road, Ashford, Middlesex, United Kingdom TW15 1TZ. Upon information and belief, Chubb is registered in the United Kingdom with a registered number of 134210. Upon information and belief, Chubb is or has been composed of different subsidiaries and/or divisions, including but not limited to, Chubb Fire & Security Ltd., Chubb Security, PLC, Red Hawk Fire & Security, LLC, and/or Chubb National Foam, Inc.

135.    Chubb Fire designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

136.    Defendant Clariant Corporation ("Clariant") is a New York corporation and does business throughout the United States. Clariant has its principal place of business at 4000 Monroe Road, Charlotte, North Carolina 28205.

137.    Clariant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

23

138. Defendant Corteva, Inc. ("Corteva") is a Delaware Corporation that conducts business throughout the United States. Its principal place of business is Chestnut Run Plaza 735, Wilmington, Delaware 19805. Corteva is the successor-in-interest to Dupont Chemical Solutions Enterprise.

139. Corteva designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

140. Defendant Daikin America, Inc. ("Daikin") is a Delaware corporation and does business throughout the United States. PBI has its principal place of business in Orangeburg, New York.

141. Daikin designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

142. Defendant Deepwater Chemicals, Inc. ("Deepwater") is a Delaware corporation and does business throughout the United States. Deepwater's principal place of business is at 196122 E County Road 735, Woodward, Oklahoma 73801.

143. Deepwater designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

144. Defendant Du Pont de Nemours Inc. (f/k/a DowDuPont, Inc.) ("DowDuPont"), is a Delaware corporation and does business throughout the United States. DowDuPont, has its principal place of business at 1007 Market Street, Wilmington, Delaware 19899 and 2211 H.H. Dow Way, Midland, Michigan 48674. DowDupont was created in 2015 to transfer Chemours and DuPont liabilities for manufacturing and distributing flurosurfactants to AFFF manufacturers.

145. DowDuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

146. Defendant Dynax Corporation ("Dynax") is a New York corporation that conducts business throughout the United States. Its principal place of business is 103 Fairview Park Drive, Elmsford, New York, 10523-1544.

147.    Dynax designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

148.    Defendant E. I. du Pont de Nemours and Company ("DuPont"), is a Delaware corporation and does business throughout the United States. DuPont has its principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

149.    DuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

150.    Defendant Johnson Controls, Inc. ("Johnson Controls") is a Delaware corporation and does business throughout the United States. PBI has its principal place of business in Milwaukee Wisconsin.

151.    Johnson Controls designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional

26

materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

152.    Defendant Kidde P.L.C., Inc. ("Kidde P.L.C.") is a foreign corporation organized and existing under the laws of the State of Delaware and does business throughout the United States. Kidde P.L.C. has its principal place of business at One Carrier Place, Farmington, Connecticut 06034. Upon information and belief, Kidde PLC was formerly known as Williams Holdings, Inc. and/or Williams US, Inc.

153.    Kidde P.L.C. designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

154.    Defendant Nation Ford Chemical Company ("Nation Ford") is a South Carolina company and does business throughout the United States. Nation Ford has its principal place of business at 2300 Banks Street, Fort Mill, South Carolina 29715.

155.    Nation Ford designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

156.    Defendant National Foam, Inc. ("National Foam") is a Delaware corporation and does business throughout the United States. National Foam has its principal place of business at 141 Junny Road, Angier, North Carolina, 27501.

157.    National Foam designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

158.    Defendant Perimeter Solutions, LP ("Perimeter") is a Delaware corporation and does business throughout the United States. PBI has its principal place of business in Rancho Cucamonga, California.

159.    Perimeter designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

160.    Defendant The Chemours Company ("Chemours"), is a Delaware corporation and does business throughout the United States. Chemours has its principal place of business 1007 Market

Street, Wilmington, Delaware 19898. Upon information and belief, Chemours was spun off from DuPont in 2015 to assume PFAS related liabilities.

161.    Chemours designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

162.    Defendant Tyco Fire Products, LP, as successor-in-interest to The Ansul Company ("Tyco"), is a Delaware limited partnership and does business throughout the United States. Tyco has its principal place of business at 1400 Pennbrook Parkway, Lansdale, Pennsylvania 19466. Tyco manufactured and currently manufactures the Ansul brand of products, including Ansul brand AFFF containing PFAS.

163.    Tyco is the successor in interest to the corporation formerly known as The Ansul Company ("Ansul"). At all times relevant, Tyco/Ansul designed, marketed, developed, manufactured, distributed released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

164.    Defendant United Technologies Corporation ("United Technologies") is a foreign

corporation organized and existing under the laws of the State of Delaware and does business throughout the United States. United Technologies has its principal place of business at 8 Farm Springs Road, Farmington, Connecticut 06032.

165.    United Technologies designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

166.    Defendant UTC Fire & Security Americas Corporation, Inc. (f/k/a GE Interlogix, Inc.) ("UTC") is a North Carolina corporation and does business throughout the United States. UTC has principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. Upon information and belief, Kidde-Fenwal, Inc. is part of the UTC Climate Control & Security unit of United Technologies Corporation.

167.    UTC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

168.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives

of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

169.    The term "AFFF Defendant" or "AFFF Defendants" refers to all Defendants named herein who designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this complaint, jointly and severally, unless otherwise stated.

170.    The term "DuPont Defendants" or "DuPont Defendants refers to Defendants Chemours Company FC, LLC, Du Pont de Nemours INC., E.I. DuPont de Nemours and Company, & The Chemours Company.

## **FACTUAL ALLEGATIONS**

171.    Aqueous Film-Forming Foam ("AFFF") is a combination of chemicals used to extinguish hydrocarbon fuel-based fires.

172.    AFFF-containing fluorinated surfactants have better firefighting capabilities than water due to their surfactant-tension lowering properties which allow the compound(s) to extinguish fire by smothering, ultimately starving it of oxygen.

173.    AFFF is a Class-B firefighting foam. It is mixed with water and used to extinguish fires that are difficult to fight, particularly those that involve petroleum or other flammable liquids.

174.    AFFF Defendants designed, marketed, developed, manufactured, distributed, released,

trained users, produced instructional materials, promoted, sold, and/or otherwise handled AFFF containing toxic PFAS or underlying PFAS containing chemicals used in AFFF production that were used by entities around the country, including military, county, and municipal firefighting departments.

175.    AFFF Defendants have each designed, marketed, developed, manufactured, distributed, released, trained users on, produced instructional materials for, sold, and/or otherwise handled and/or used AFFF containing PFAS, in such a way as to cause the contamination of Plaintiffs' blood and/or body with PFAS, and the resultant biopersistence and bioaccumulation of such PFAS in the blood and/or body of Plaintiffs.

176.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary firefighting foam in the United States and in other parts of the world. It contains PFAS, which are highly fluorinated synthetic chemical compounds whose family include PFOS and PFOA.

177.    PFAS are a family of chemical compounds containing fluorine and carbon atoms.

178.    PFAS have been used for decades in the manufacture of AFFF. The PFAS family of chemicals are entirely human-made and do not naturally occur or otherwise exist.

179.    Prior to commercial development and large-scale manufacture and use of AFFF containing PFAS, no such PFAS had been found or detected in human blood.

A.    **AFFF / PFAS Hazardous Effects on Humans**

180.    AFFF and its components are associated with a wide variety of adverse health effects in humans.

181.    Exposure to AFFF Defendants' products has been linked to serious medical conditions including, but not limited to, kidney cancer, testicular cancer, liver cancer, testicular tumors, pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, thyroid disease and infertility.

182.    By at least the end of the 1960s, animal toxicity testing performed by some Defendants manufacturing and/or using PFAS indicated that exposure to such materials, including at least PFOA, resulted in various adverse health effects among multiple species of laboratory animals, including toxic effects to the liver, testes, adrenals, and other organs and bodily systems.

183.    By at least the end of the 1960s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that such materials, including at least PFOA, because of their unique chemical structure, were resistant to environmental degradation and would persist in the environment essentially unaltered if allowed to enter the environment.

184.    By at least the end of the 1970s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that one or more such materials, including at least PFOA and PFOS, because of their unique chemical structure, would bind to proteins in the blood of animals and humans exposed to such materials where such materials would remain and persist over long periods of time and would accumulate in the blood/body of the exposed individuals with each additional exposure.

185.    By at least the end of the 1980s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that at least one such PFAS, PFOA, had caused Leydig cell (testicular) tumors in a chronic cancer study in rats, resulting in at least one such Defendant, DuPont, classifying such PFAS internally as a confirmed animal

33

carcinogen and possible human carcinogen.

186.    It was understood by AFFF Defendants by at least the end of the 1980s that a chemical that caused cancer in animal studies must be presumed to present a cancer risk to humans, unless the precise mechanism of action by which the tumors were caused was known and would not occur in humans.

187.    By at least the end of the 1980s, scientists had not determined the precise mechanism of action by which any PFAS caused tumors. Therefore, scientific principles of carcinogenesis classification mandated AFFF Defendants presume any such PFAS material that caused tumors in animal studies could present a potential cancer risk to exposed humans.

188.    By at least the end of the 1980s, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least DuPont, indicated that elevated incidence of certain cancers and other adverse health effects, including elevated liver enzymes and birth defects, had been observed among workers exposed to such materials, including at least PFOA, but such data was not published, provided to governmental entities as required by law, or otherwise publicly disclosed at the time.

189.    By at least the end of the 1980s, some Defendants, including at least 3M and DuPont, understood that, not only did PFAS, including at least PFOA and PFOS, get into and persist and accumulate in the human blood and in the human body, but that once in the human body and blood, particularly the longer-chain PFAS, such as PFOS and PFOA, had a long half-life. Meaning that it would take a very long time before even half of the material would start to be eliminated, which allowed increasing levels of the chemicals to build up and accumulate in the blood and/or body of exposed individuals over time, particularly if any level of exposure

continued.

190.    By at least the end of the 1990s, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least 3M and DuPont, indicated that at least one such PFAS, PFOA, had caused a triad of tumors (Leydig cell (testicular), liver, and pancreatic) in a second chronic cancer study in rats.

191.    By at least the end of the 1990s, the precise mechanism(s) of action by which any PFAS caused each of the tumors found in animal studies had still not been identified, mandating that AFFF Defendants continue to presume that any such PFAS that caused such tumors in animal studies could present a potential cancer risk to exposed humans.

192.    By at least 2010, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least 3M and DuPont, revealed multiple potential adverse health impacts among workers exposed to such PFAS, including at least PFOA, such as increased cancer incidence, hormone changes, lipid changes, and thyroid and liver impacts.

193.    When the United States Environmental Protection Agency ("USEPA") and other state and local public health agencies and officials first began learning of PFAS exposure in the United States and potential associated adverse health effects, AFFF Defendants repeatedly assured and represented to such entities and the public that such exposure presented no risk of harm and were of no significance.

194.    After the USEPA and other entities began asking Defendants to stop manufacturing and/or using certain PFAS, AFFF Defendants began manufacturing and/or using and/or began

making and/or using more of certain other and/or "new" PFAS, including PFAS materials with six or fewer carbons, such as GenX (collectively "Short-Chain PFAS").

195.     AFFF Defendants manufacturing and/or using Short-Chain PFAS, including at least DuPont and 3M, are aware that one or more such Short-Chain PFAS materials also have been found in human blood.

196.     By at least the mid-2010s, AFFF Defendants, including at least DuPont and Chemours, were aware that at least one Short-Chain PFAS had been found to cause the same triad of tumors (Leydig (testicular), liver, and pancreatic) in a chronic rat cancer study as had been found in a chronic rat cancer study with a non-Short-Chain PFAS.

197.     Research and testing performed by and/or on behalf of AFFF Defendants making and/or using Short-Chain PFAS indicates that such Short-Chain PFAS materials present the same, similar, and/or additional risks to human health as had been found in research on other PFAS materials, including cancer risk.

198.     Nevertheless, AFFF Defendants repeatedly assured and represented to governmental entities and the public (and continue to do so) that the presence of PFAS, including Short-Chain PFAS, in human blood at the levels found within the United States present no risk of harm and is of no legal, toxicological, or medical significance of any kind.

199.     At all relevant times, AFFF Defendants, individually and/or collectively, possessed the resources and ability but have intentionally, purposefully, recklessly, and/or negligently chosen not to fund or sponsor any study, investigation, testing, and/or other research of any kind of the nature that AFFF Defendants claim is necessary to confirm and/or prove that the presence of

any one and/or combination of PFAS in human blood causes any disease and/or adverse health impact of any kind in humans, presents any risk of harm to humans, and/or is of any legal, toxicological, or medical significance to humans, according to standards AFFF Defendants deem acceptable.

200.    Even after an independent science panel, known as the "C8 Science Panel," publicly announced in the 2010s that human exposure to 0.05 parts per billion or more of one PFAS, PFOA, had "probable links" with certain human diseases, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, preeclampsia, and medically-diagnosed high cholesterol, AFFF Defendants repeatedly assured and represented to governmental entities, their customers, and the public (and continue to do so) that the presence of PFAS in human blood at the levels found within the United States presents no risk of harm and is of no legal, toxicological, or medical significance of any kind, and have represented to and assured such governmental entities, their customers, and the public (and continue to do so) that the work of the independent C8 Science Panel was inadequate.

201.    At all relevant times, AFFF Defendants shared and/or should have shared among themselves all relevant information relating to the presence, biopersistence, and bioaccumulation of PFAS in human blood and associated toxicological, epidemiological, and/or other adverse effects and/or risks.

202.    As of the present date, blood serum testing and analysis by AFFF Defendants, independent scientific researchers, and/or government entities has confirmed that PFAS materials are clinically demonstrably present in approximately 99% of the current population of the United States.

203.    There is no naturally-occurring "background," normal, and/or acceptable level or rate of any PFAS in human blood, as all PFAS detected and/or present in human blood is present and/or detectable in such blood as a direct and proximate result of the acts and/or omissions of Defendants.

204.    At all relevant times, Defendants, through their acts and/or omissions, controlled, minimized, trivialized, manipulated, and/or otherwise influenced the information that was published in peer-review journals, released by any governmental entity, and/or otherwise made available to the public relating to PFAS in human blood and any alleged adverse impacts and/or risks associated therewith, effectively preventing Plaintiffs from discovering the existence and extent of any injuries/harm as alleged herein.

205.    At all relevant times, Defendants, through their acts and/or omissions, took steps to attack, challenge, discredit, and/or otherwise undermine any scientific studies, findings, statements, and/or other information that proposed, alleged, suggested, or even implied any potential adverse health effects or risks and/or any other fact of any legal, toxicological, or medical significance associated with the presence of PFAS in human blood.

206.    At all relevant times, Defendants, through their acts and/or omissions, concealed and/or withheld information from their customers, governmental entities, and the public that would have properly and fully alerted Plaintiffs to the legal, toxicological, medical, or other significance and/or risk from having any PFAS material in Plaintiffs' blood.

207.    At all relevant times, Defendants encouraged the continued and even further increased use of PFAS by their customers and others, including but not limited to the manufacture, use, and release, of AFFF containing PFAS and/or emergency responder protection gear or

38

equipment coated with materials made with or containing PFAS, and tried to encourage and foster the increased and further use of PFAS in connection with as many products/uses/and applications as possible, despite knowledge of the toxicity, persistence, and bioaccumulation concerns associated with such activities.

208.    To this day, Defendants deny that the presence of any PFAS in human blood, at anylevel, is an injury or presents any harm or risk of harm of any kind, or is otherwise of any legal, toxicological, or medical significance.

209.    To this day, Defendants deny that any scientific study, research, testing, or other work of any kind has been performed that is sufficient to suggest to the public that the presence of any PFAS material in human blood, at any level, is of any legal, toxicological, medical, or other significance.

210.    Defendants, to this day, affirmatively assert and represent to governmental entities, their customers, and the public that there is no evidence that any of the PFAS found in human blood across the United States causes any health impacts or is sufficient to generate an increased risk of future disease sufficient to warrant diagnostic medical testing, often referring to existing studies or data as including too few participants or too few cases or incidents of disease to draw any scientifically credible or statistically significant conclusions.

211.    Defendants were and/or should have been aware, knew and/or should have known, and/or foresaw or should have foreseen that their design, marketing, development, manufacture, distribution, release, training and response of users, production of instructional materials, sale and/or other handling and/or use of AFFF containing PFAS would result in the contamination of the blood and/or body of Plaintiffs with PFAS, and the biopersistence and bioaccumulation

of such PFAS in their blood and/or body.

212.    Defendants were and /or should have been aware, or knew and/or should have known, and/or foresaw or should have foreseen that allowing PFAS to contaminate the blood and/or body of Plaintiffs would cause injury, irreparable harm, and/or unacceptable risk of such injury and/or irreparable harm to Plaintiffs.

213.    Defendants did not seek or obtain permission or consent from Plaintiffs before engaging in such acts and/or omissions that caused, allowed, and/or otherwise resulted in Plaintiffs' exposure to AFFF and the contamination of Plaintiffs' blood and/or body with PFAS materials, and resulting biopersistence and bioaccumulation of such PFAS in their blood and/or body.

### B.    Defendants' History of Manufacturing and Selling AFFF

214.    3M began producing PFOS and PFOA by electrochemical fluorination in the 1940s.  In the 1960s, 3M used its fluorination process to develop AFFF.

215.    3M manufactured, marketed, and sold AFFF from the 1960s to the early 2000s.

216.    National Foam and Tyco/Ansul began to manufacture, market, and sell AFFF in the 1970s.

217.    Buckeye began to manufacture, market, and sell AFFF in the 2000s.

218.    In 2000, 3M announced it was phasing out its manufacture of PFOS, PFOA, and related products, including AFFF. 3M, in its press release announcing the phase out, stated "our products are safe," and that 3M's decision was "based on [its] principles of responsible environment management."  3M further stated that "the presence of these materials at [] very low levels does not pose a human health or environmental risk."  In communications with the

EPA at that time, 3M also stated that it had "concluded that…other business opportunities were more deserving of the company's energies and attention…"

219.    Following 3M's exit from the AFFF market, the remaining AFFF Defendants continued to manufacture and sell AFFF that contained PFAS and/or its precursors.

220.    AFFF Defendants knew their customers warehoused large stockpiles of AFFF. In fact, AFFF Defendants marketed their AFFF products by touting its shelf-life. Even after AFFF Defendants fully understood the toxicity of PFAS, and their impacts to the health of humans following exposure, AFFF Defendants concealed the true nature of PFAS. While AFFF Defendants phased out production or transitioned to other formulas, they did not instruct their customers that they should not use AFFF that contained PFAS and/or their precursors. AFFF Defendants further did not act to get their harmful products off the market.

221.    AFFF Defendants did not warn public entities, firefighter trainees who they knew would foreseeably come into contact with their AFFF products, or firefighters employed by either civilian and/or military employers that use of and/or exposure to AFFF Defendants' products containing PFAS and/or its precursors would pose a danger to human health.

222.    The Plaintiffs were exposed to PFAS contamination, directly through contaminated drinking water.

223.    The Plaintiffs were never informed that the water was dangerous. Nor were the Plaintiffs warned about the known health risks associated with Defendants' PFAS chemicals.

224.    The Plaintiffs never received instruction to avoid drinking the water.

225.    Defendants have known of the health hazards associated with PFAS and/or its compounds for decades and that in their intended and/or common use would harm human

health.

226.    Information regarding PFAS and its compounds were readily accessible to the Defendants for decades because each is an expert in the field of PFAS manufacturing and/or the materials needed to manufacture PFAS, and each has detailed information and understanding about the chemical compounds that form PFAS products.

227.    Defendants' manufacture, storage, and release of PFAS resulted in the Plaintiffs and other individuals who came in contact with the chemicals to develop cancer.

228.    The Defendants, through their manufacturing, storing, and inappropriate releases of PFAS, knew, foresaw, and/or should have known and/or foreseen that the Plaintiffs and those similarly situated would be harmed.

229.    The Defendants' products were unreasonably dangerous, and the Defendants failed to warn of this danger.

## CAUSES OF ACTION

## COUNT I - NEGLIGENCE

230.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

231.    Negligence may exist both as an omission as well as an affirmative act. A claim of negligence allows for the recovery for an injury that was proximately caused by another's violation of a duty of reasonable care.

232.    Here, the Defendants, as owners and operators of business(es) at sites that managed, stored, used and disposed of toxic contaminants and solvents, owed Plaintiffs a cognizable duty to exercise reasonable care in the storage, transportation, and disposal of toxic chemicals

including but not limited to the Contaminants, and in the maintenance of their tools and equipment used for such acts.

233.    Defendants breached their duty of reasonable care which a reasonably prudent person should use under the circumstances by causing and/or allowing and/or failing to prevent the releases of PFAS chemical into the water in and around the sites and the surrounding neighborhoods, where they caused toxic exposure to Plaintiffs and the contamination of their homes.

234.    The releases of PFAS and PFAS byproducts into groundwater and drinking water is the proximate and legal cause of the injuries suffered by the Plaintiffs to their health and wellbeing and to their properties and the adjacent properties.

235.    Defendants breached that duty by failing to timely notify the Plaintiffs of the releases of PFAS.

236.    As a direct and proximate result of Defendants' negligence, the Plaintiffs have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, economic loss and damages including, but not limited to medical expenses, lost income, and/or other damages.

237.    Defendants breached their duty by failing to act reasonably to remediate, contain, and eliminate the contamination before it injured the Plaintiffs.

238.    Defendants had a legal duty to properly remediate the contamination from their activities at the sites and had full knowledge of the extent of the contamination and the threat it poses to human health and safety.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and

for such other and further relief as this Court may deem fit, just, and proper.

## COUNT II – BATTERY

239.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

240.    At all relevant times, Defendants possessed knowledge that the PFAS which they designed, engineered, manufactured, fabricated, sold, handled, released, trained users on, produced instructional materials for, used, and/or distributed were bio- persistent, bio-accumulative, toxic, potentially carcinogenic, and/or otherwise harmful/injurious and that their continued manufacture, use, sale, handling, release, and distribution would result in Plaintiffs having PFAS in Plaintiffs' blood, and the biopersistence and bioaccumulation of such PFAS in Plaintiffs' blood.

241.    However, despite possessing such knowledge, Defendants knowingly, purposefully, and/or intentionally continued to engage in such acts and/or omissions, including but not limited to all such acts and/or omissions described in this Complaint, that continued to result in Plaintiffs accumulating PFAS in Plaintiffs' blood and/or body, and such PFAS persisting and accumulating in Plaintiffs' blood and/or body.

242.    Defendants did not seek or obtain permission or consent from Plaintiffs to put or allow PFAS materials into Plaintiffs' blood and/or body, or to persist in and/or accumulate in Plaintiffs' blood and/or body.

243.    Entry into, persistence in, and accumulation of such PFAS in Plaintiffs' body and/or blood without permission or consent is an unlawful and harmful and/or offensive physical invasion and/or contact with Plaintiffs' person and unreasonably interferes with Plaintiffs' rightful use and possession of Plaintiffs' blood and/or body.

44

244.    At all relevant times, the PFAS present in the blood of Plaintiffs originated from Defendants' acts and/or omissions.

245.    Defendants continues to knowingly, intentionally, and/or purposefully engage in acts and/or omissions that result in the unlawful and unconsented-to physical invasion and/or contact with Plaintiffs that resulted in persisting and accumulating levels of PFAS in Plaintiffs' blood.

246.    Plaintiffs, and any reasonable person, would find the contact at issue harmful and/or offensive.

247.    Defendants acted intentionally with the knowledge and/or belief that the contact, presence and/or invasion of PFAS with, onto and/or into Plaintiffs' blood serum, including its persistence and accumulation in such serum, was substantially certain to result from those very acts and/or omissions.

248.    Defendants' intentional acts and/or omissions resulted directly and/or indirectly in harmful contact with Plaintiffs' blood and/or body.

249.    The continued presence, persistence, and accumulation of PFAS in the blood and/or body of Plaintiffs is offensive, unreasonable, and/or harmful, and thereby constitutes a battery.

250.    The presence of PFAS in the blood and/or body of Plaintiffs altered the structure and/or function of such blood and/or body parts and resulted in cancer.

251.    As a direct and proximate result of the foregoing acts and omissions, Plaintiffs suffered physical injury for which Defendants are therefore liable.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## **COUNT III – ABNORMALLY DANGEROUS**

45

## ACTIVITY

252.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

253.    Activities such as the disposal of hazardous chemical wastes as is the case herein constitutes an abnormally dangerous activity for which strict liability will apply.

254.    Defendants' aforesaid failure to employ reasonable care which a reasonably prudent person should use under the circumstances by storing, transporting, disposing of, or otherwise handling toxic substances, including PFAS, constitutes ultra-hazardous and abnormally dangerous activities involving ultra-hazardous, abnormally dangerous substances.

255.    Defendants allowed or caused these ultra-hazardous and abnormally dangerous substances to be released into the surrounding land, groundwater, and river, and in doing so, failed to warn Plaintiffs of the dangerous condition that was caused thereby.

256.    The risks posed by such activities outweigh any value associated with the same. As the result of said ultra-hazardous and abnormally dangerous activities, Plaintiffs have suffered damages and imminent, substantial, and impending harm to their health, families, and home values. Plaintiffs have expended and will be forced to expend significant resources to address their injuries caused by the contamination indefinitely for years and decades into the future.

257.    By reason of the foregoing, Defendants are strictly liable in tort for the damages sustained by Plaintiffs.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for

such other and further relief as this Court may deem fit, just, and proper.

## <u>COUNT IV – FRAUDULENT CONCEALMENT</u>

258.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

259.    Throughout the relevant time period, Defendants knew that PFAS was defective and unreasonably unsafe for their intended purpose.

260.    Defendants fraudulently concealed from and/or failed to disclose to or warn the Plaintiffs, and the public that PFAS was defective, unsafe, and unfit for the purposes intended.

261.    Defendants were under a duty to the Plaintiffs and the public to disclose and warn of the defective and harmful nature of PFAS because:

   a)    Defendants were in a superior position to know the true quality, safety and efficacy of the Defendants' products;

   b)    Defendants knowingly made false claims about the safety and quality of the Defendants' product in documents and marketing materials; and

   c)    Defendants fraudulently and affirmatively concealed the defective nature of the Defendants' products from the Plaintiffs.

262.    The facts concealed and/or not disclosed by Defendants to the Plaintiffs were material facts that a reasonable person would have considered to be important.

263.    Defendants intentionally concealed and/or failed to disclose the true defective nature of PFAS so that the Plaintiffs would use the Defendants' products, the Plaintiffs justifiably acted or relied upon, to Plaintiffs' detriment, the concealed and/or non-disclosed facts.

264.    Defendants, by concealment or other action, intentionally prevented the Plaintiffs from

acquiring material information regarding the lack of safety and effectiveness of PFAS and are subject to the same liability to the Plaintiffs for Plaintiffs' pecuniary losses, as though Defendants had stated the non-existence of such material information regarding PFAS's lack of safety and effectiveness and dangers and defects, and as though Defendants had affirmatively stated the non- existence of such matters that the Plaintiffs was thus prevented from discovering the truth.

265.      Defendants therefore have liability for fraudulent concealment under all applicable laws, including, inter alia, Restatement (Second) of Torts §550 (1977).

266.      As a proximate result of Defendants' conduct, the Plaintiffs have been injured, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT V – NUISANCE

267.      Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

268.      Under a cause of action for private nuisance, Parties may be subject to liability for environmental contamination if their conduct invades another's private use and enjoyment of land and if such invasion is: 1) intentional and unreasonable; 2) negligent or reckless; or 3) actionable under the rules governing liability for abnormally dangerous conditions or activities.

269.     Defendants own, occupy, control and/or still own, occupy and control their real property in such a way as to create and/or maintain and continue a dangerous and/or hazardous condition.

270.     At all times mentioned herein, Defendants had knowledge and/or notice of the dangerous condition that the PFAS presented and failed to take reasonable acts to cleanup, correct, or remediate that condition.

271.     Additionally, Defendants owed a duty to Plaintiffs to take reasonable action to eliminate, correct, or remedy any dangerous that was reasonably foreseeable to injure Plaintiffs and of which they had knowledge and/or notice.

272.     Defendants breached these duties by negligently, willfully, and/or wantonly creating a dangerous condition on their property by allowing massive quantities toxic PFAS to be spilled, disposed of, or otherwise released into the ground, soil, and groundwater. This dangerous condition is reasonably foreseeable to cause injury and damage to Plaintiffs due to the size and nature of the releases of the contaminants.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VI – WANTONNESS

273.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

274.     Defendants and their employees, agents, officers, and representatives owed a duty of care to everyone in the surrounding communities, including Plaintiffs.

275.    Defendants breached the duty of care owed to the Plaintiffs.

276.    The actions of Defendants and their employees, agents, officers, and representatives were willful and wanton and exhibited a reckless disregard for the life, health, and safety of those exposed to Defendants' PFAS, including Plaintiffs.

277.    As a proximate and foreseeable consequent of the actions of Defendants, Plaintiffs were exposed to unreasonably dangerous toxic PFAS, which caused Plaintiffs' injuries.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VII – STRICT LIABILITY (STATUTORY)

278.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

279.    Plaintiffs asserts any and all remedies available under statutory causes of action from Plaintiffs' states for strict liability against each Defendant.

280.    The Defendants were engaged in designing, manufacturing, marketing, selling, and distribution of PFAS products.

281.    The PFAS products were in a defective condition and unreasonably dangerous to users and/or consumers when designed, manufactured, marketed, sold, and/or distributed to the public by the Defendants.

282.    As a direct and proximate result of the Defendants products' aforementioned defects, the

Plaintiffs have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, economic loss and damages including, but not limited to medical expenses, lost income, and other damages.

283.    The Defendants are strictly liable in tort to the Plaintiffs for their wrongful conduct.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VIII – STRICT LIABILITY (RESTATEMENT)

284.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

285.    The Plaintiffs bring strict product liability claims under the common law, Section 402A of the Restatement of Torts (Second), and/or Restatement of Torts (Third) against Defendants.

286.    As designed, manufactured, marketed, tested, assembled, equipped, distributed and/or sold by the Defendants the PFAS product was in a defective and unreasonably dangerous condition when put to reasonably anticipated use to foreseeable consumers and users, including the Plaintiffs.

287.    The Defendants had available reasonable alternative designs which would have made the PFAS product safer and would have most likely prevented the injuries and damages to the Plaintiffs, thus violating state law and the Restatement of Torts.

288.    The Defendants failed to properly and adequately warn and instruct the Plaintiffs as to the proper safety and use of the Defendants' product.

289.    The Defendants failed to properly and adequately warn and instruct the Plaintiffs regarding the inadequate research and testing of the product.

290.    The Defendants' products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations.

291.    As a proximate result of the Defendants' design, manufacture, marketing, sale, and distribution of the products, the Plaintiffs have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

292.    By reason of the foregoing, the Defendants are strictly liable for the injuries and damages suffered by the Plaintiffs, caused by these defects in the PFAS products.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## <u>COUNT IX – INADEQUATE WARNING</u>

293.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

294.    Defendants knew or should have known:

a)    exposure to products containing PFAS was hazardous to human health;

b)    the manner in which they were designing, marketing, developing, manufacturing, distributing, releasing, training, instructing, promoting, and selling products containing PFAS was hazardous to human health; and

c)    the manner in which they were designing, marketing, developing, manufacturing, marketing, distributing, releasing, training, instructing, promotion and selling products containing PFAS would result in the contamination of Plaintiffs' blood and/or body as a

result of exposure.

295.    Defendants had a duty to warn of the hazards associated with products containing PFAS entering the blood and/or body of Plaintiffs because they knew of the dangerous, hazardous, and toxic properties of products containing PFAS. Defendants failed to provide sufficient warning to purchasers that the use of their PFAS products would cause PFAS to be released and cause the exposure and bioaccumulation of these toxic chemicals in the blood and/or body of Plaintiffs.

296.    Adequate instructions and warnings on the products containing PFAS could have reduced or avoided these foreseeable risks of harm and injury to Plaintiffs. If Defendants provided adequate warnings:

a) Plaintiffs could have and would have taken measures to avoid or lessen exposure; and

b) end users and governments could have taken steps to reduce or prevent the release of PFASs into the blood and/or body of Plaintiffs. Defendants' failure to warn was a direct and proximate cause of Plaintiffs' injuries from PFAS that came from the use, storage, and disposal of products containing PFAS. Crucially, Defendants' failure to provide adequate and sufficient warnings for the products containing PFAS they designed, marketed, manufactured, distributed, released, promoted, and sold renders the PFAS products as defective products.

297.    Defendants were negligent in their failure to provide Plaintiffs with adequate warnings or instruction that the use of their PFAS products would cause PFAS to be released into the blood and/or body of Plaintiffs. As a result of Defendants' conduct and the resulting contamination, Plaintiffs suffered severe personal injuries by exposure to products containing PFAS.

298.    Defendants' negligent failure to warn directly and proximately caused the harm to and damages suffered by Plaintiffs.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual,

compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT X  -  FRAUDULENT TRANSFER, 6 Del. C. § 1304
## (DUPONT DEFENDANTS)

299.    Plaintiffs reallege and reaffirm each and every allegation set forth in all preceding paragraphs as if fully restated herein.

300.    Under Delaware Code Title 6, § 1304:

301.    (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

302.    (1) With actual intent to hinder, delay or defraud any creditor of the debtor; or

303.    (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

304.    a. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

305.    b Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

306.    The Plaintiffs are a "Creditor" possessing "Claims" against the DuPont Defendants as those terms are defined in Delaware Code Title 6, § 1301.

307.    The DuPont Defendants have acted with actual intent to hinder, delay, and defraud DuPont's creditors.

308.    Assets and liabilities were transferred between the DuPont Defendants, whereby certain DuPont Defendants did not receive a reasonably equivalent value in exchange for the transfer and they were engaged in or about to engage in a business for which the remaining assets were unreasonably small and/or they intended to incur or reasonably should have believed that they would incur debts beyond their ability to pay as the debts became due.

309.    On information and belief, the DuPont Defendants engaged in a complicated restructuring of DuPont for the purpose of shielding assets from creditors such as the Plaintiffs, with claims related to PFAS contamination.

310.    On information and belief, at the tiFme of this restructuring, DuPont knew that its liabilities related to PFAS were likely in the billions of dollars.

311.    In the initial step of restructuring, DuPont formed Chemours in 2015 as a wholly owned subsidiary. In July 2015, DuPont spun off Chemours, transferring DuPont's Performance Chemicals Unit along with a vast amount of environmental liabilities – including all those related to PFAS. As part of the transfer, Chemours transferred valuable assets to DuPont, including a $3.9 billion dividend to DuPont stockholders, for which Chemours incurred additional debt to pay.

312.    On information and belief, the Chemours spin-off was not bargained at arm's length. At the time of the spin off, Chemours had a separate board, but was controlled by DuPont employees.

313.    On information and belief, DuPont transferred to Chemours a disproportionately small allocation of assets to cover debts and liabilities. Dupont transferred less than 20% of its business line, but over 66% of its environmental liabilities and 90% of DuPont's pending litigation. These liabilities were taken on by Chemours in addition to the $3.9 billion in debt it assumed to pay a dividend to DuPont's shareholders. As a result, Chemours did not receive reasonably equivalent value in exchange for the transfer of debts and obligations from DuPont.

314.    In its valuation, DuPont purposefully undervalued the potential maximum liability from the PFAS liabilities it transferred to Chemours. At the time of the spin-off, DuPont had been sued threatened with lawsuits, and had knowledge of forthcoming litigation regarding DuPont's liabilities for damages and injuries from the manufacture, sale, and worldwide use of PFAS-containing products. DuPont and Chemours knew or should have known that Chemours would incur debts beyond its ability to pay as they came due.

315.    In further restructuring, DuPont sought to further protect its assets from PFAS liabilities by first merging itself with Dow and then separating its now comingled assets among three newly created companies: DowDuPont, Inc. ("DowDuPont") (which later became New DuPont); Dow, Inc. ("New Dow"), and Corteva.

316.    As a result of the merger, Dow and DuPont became wholly owned subsidiaries of DowDupont. On information and belief, after the merger, DowDupont underwent a hidden internal reorganization with the net effect being the transfer of a substantial portion of its valuable assets to DowDupont for less than the assets were worth. On information and belief, the transactions were intended to frustrate and hinder creditors with claims against DuPont, including with respect to PFAS liabilities.

317.     As a result of this internal organization, all of Dow and DuPont's assets were reshuffled into three divisions: the Agriculture Business, the Specialty Products Business, and the Material Sciences Business.

318.     On June 1, 2019, the DuPont Defendants completed the final step of the restructuring by spinning off two newly publicly traded entities, Corteva and New Dow. Generally, the assets related to the Agriculture Business division were allocated to Corteva; assets related to the Material Science Business were allocated to New Dow; and the assets related to the Specialty Products Business remained with DowDupont, which then became New DuPont. DuPont became a wholly owned subsidiary of Corteva.

319.     On information and belief, Corteva and New DuPont assumed responsibility for some of DuPont's historic PFAS liabilities.

320.     On information and belief, during the restructuring, DuPont's assets were transferred to Corteva and New DuPont for far less than their actual value. At the end of these transactions, DuPont divested approximately half of its tangible assets, totaling roughly $20 billion.

321.     The net result of the restructuring was to move DuPont's extensive PFAS liabilities to an underfunded company, Chemours, and to further shield DuPont's extensive assets by merging them with Dow's assets and then transferring them to Corteva and New DuPont for far less than their value.

322.     Plaintiffs have been harmed by these transactions, which were designed to shield assets from creditors such as the Plaintiffs, which have been damaged by DuPont's conduct.

323.     Plaintiffs are entitled to void these transactions and to recover property or value

transferred under 6 Del. C. § 1307.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

### **Discovery Rule Tolling**

324.    Plaintiffs had no way of knowing about the risk of serious injury associated with the use of and exposure to PFAS until very recently.

325.    Within the time period of any applicable statute of limitations, Plaintiffs could not have discovered, through the exercise of reasonable diligence, that exposure to PFAS is harmful to human health.

326.    Plaintiffs did not discover and did not know of facts that would cause a reasonable person to suspect the risk associated with the use of and exposure to PFAS; nor would a reasonable and diligent investigation by Plaintiffs have disclosed that PFAS could cause personal injury.

327.    For these reasons, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiffs' claims.

### **Fraudulent Concealment Tolling**

328.    All applicable statute of limitations have also been tolled by Defendants knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

329.    Instead of disclosing critical safety information regarding PFAS, Defendants have consistently and falsely represented the safety of PFAS and PFAS containing products.

330.    This fraudulent concealment continues through present day.

331.    Due to this fraudulent concealment, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiffs' claims.

**Estoppel**

332.    Defendants were under a continuous duty to consumer, end users, and other persons coming into contact with their products, including Plaintiffs, to accurately provide safety information concerning its products and the risk associated with the use of and exposure to PFAS.

333.    Instead, Defendants knowingly, affirmatively, and actively concealed safety information concerning PFAS and the serious risks associated with the use of and exposure to PFAS.

334.    Based on the foregoing, Defendants are estopped from relying on any statute of limitations in defense of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgments against all Defendants, jointly and severally, on each of the above-referenced claims and Causes of Action as follows:

Awarding compensatory damages to Plaintiffs for past and future damages, including but not limited, to pain and suffering for severe and permanent personal injuries sustained by the Plaintiffs, health care costs, medical monitoring, together with interest and costs as provided by law;

Punitive and/or exemplary damages for the wanton, willful, fraudulent, and/or reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the Plaintiffs and of the general public and to the Plaintiffs in an amount sufficient

to punish Defendants and deter future similar conduct;

Awarding Plaintiffs' attorneys' fees;

Awarding Plaintiffs the costs of these proceedings; and

Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

The Plaintiffs hereby demand a trial by jury.

Respectfully Submitted,

**ENVIRONMENTAL LITIGATION GROUP, P.C.**
*/s/ Gregory A. Cade*
Gregory A. Cade
Gary A. Anderson
Kevin B. McKie
ENVIRONMENTAL LITIGATION GROUP, P.C.
2160 Highland Avenue South
Birmingham, AL 35205
Telephone: 205-328-9200
Facsimile: 205-328-9456

**SERVE THE DEFENDANTS AT THE FOLLOWING ADDRESSES BY CERTIFIED MAIL:**

3M COMPANY
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, New Castle, DE 19808

AGC CHEMICALS AMERICAS INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

AMEREX CORPORATION
c/o James M. Proctor II
2900 Highway 280
Suite 300
Birmingham, AL 35223

ARCHROMA U.S. INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

ARKEMA INC.
900 First Avenue
King of Prussia, PA 19406

BASF CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

BUCKEYE FIRE EQUIPMENT COMPANY
c/o A Haon Corporate Agent, Inc.
29225 Chagrin Blvd, Suite 350
Pepper Pike, OH 44122

CARRIER GLOBAL CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CHEMDESIGN PRODUCTS INC.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, New Castle, DE 19808

CHEMGUARD INC.
c/o The Prentice-Hall Corporation System, Inc.
251 Little Falls Drive
Wilmington, New Castle, DE 19808

CHEMICALS, INC.
c/o Ashok K. Moza
12321 Hatcherville
Baytown, TX 77520

CHEMOURS COMPANY FC, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street

Wilmington, DE 19801

CHUBB FIRE, LTD
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CLARIANT CORPORATION
c/o Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

CORTEVA, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DAIKIN AMERICA, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DEEPWATER CHEMICALS, INC.

Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DUPONT DE NEMOURS, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DYNAX CORPORATION

c/o Corporate Systems LLC
3500 S. Dupont Highway
Dover, DE 19901

E.I. DUPONT DE NEMOURS AND COMPANY

c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

JOHNSON CONTROLS, INC.
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

KIDDE P.L.C.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

NATION FORD CHEMICAL COMPANY
c/o John A. Dickson, IV
2300 Bank Street
Fort Mill, SC 29715

NATIONAL FOAM, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

PERIMETER SOLUTIONS, LP
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

THE CHEMOURS COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

TYCO FIRE PRODUCTS LP
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

UNITED TECHNOLOGIES CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

UTC FIRE & SECURITY AMERICANS CORPORATION, INC.
c/o Registered Office
15720 Brixham Hill Ave #300
Charlotte, NC 28277



AlaFile E-Notice

01-CV-2024-904135.00

To:  GREGORY A. CADE
gregc@elglaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:      10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To: 3M COMPANY
C/O CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, NEW CASTLE, DE, 19808

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:    10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  AGC CHEMICALS AMERICAS INC.
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  AMEREX CORPORATION
     C/O JAMES M. PROCTOR II
     2900 HIGHWAY 280, SUITE 300
     BIRMINGHAM, AL, 35223

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  ARCHROMA U.S. INC.
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:      10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:   ARKEMA INC.
      900 FIRST AVENUE
      KING OF PRUSSIA, PA, 19406

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To: BASF CORPORATION
C/O THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER, 1209 ORANGE STREET
WILMINGTON, DE, 19801

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:    10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To: BUCKEYE FIRE EQUIPMENT COMPANY
C/O A HAON CORPORATE AGENT, INC.
29225 CHAGRIN BLVD, SUITE 350
PEPPER PIKE, OH, 44122

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:    10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  CARRIER GLOBAL CORPORATION
C/O THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER, 1209 ORANGE STREET
WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:      10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:   CHEMDESIGN PRODUCTS INC.
      C/O CORPORATION SERVICE COMPANY
      251 LITTLE FALLS DR
      WILMINGTON, NEW CASTLE, DE, 19808

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:      10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  CHEMGUARD INC.
C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, NEW CASTLE, DE, 19808

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:   CHEMICALS, INC.
      C/O ASHOK K. MOZA
      12321 HATCHERVILLE
      BAYTOWN, TX, 77520

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  CHUBB FIRE, LTD
      C/O THE CORPORATION TRUST COMPANY
      CORPORATION TRUST CENTER 1209 ORANGE STREET
      WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:      10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  CLARIANT CORPORATION
CORPORATION SERVICE COMPANY
8040 EXCELSIOR DRIVE, SUITE 400
MADISON, WI, 53717

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:    10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To: CORTEVA, INC.
C/O THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER, 1209 ORANGE STREET
WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  DAIKIN AMERICA, INC.
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  DEEPWATER CHEMICALS, INC.
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:      10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  DUPONT DE NEMOURS, INC.
C/O THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER, 1209 ORANGE STREET
WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:      10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To: DYNAX CORPORATION
C/O CORPORATE SYSTEMS LLC
3500 S. DUPONT HIGHWAY
DOVER, DE, 19901

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  E.I. DUPONT DE NEMOURS AND COMPANY
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  JOHNSON CONTROLS, INC.
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  KIDDE P.L.C.
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  NATION FORD CHEMICAL COMPANY
C/O JOHN A. DICKSON, IV
2300 BANK STREET
FORT MILL, SC, 29715

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:    10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  NATIONAL FOAM, INC.
C/O THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER, 1209 ORANGE STREET
WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  PERIMETER SOLUTIONS, LP
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  THE CHEMOURS COMPANY
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  THE CHEMOURS COMPANY FC, LLC
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:      10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:   TYCO FIRE PRODUCTS LP
      C/O THE CORPORATION TRUST COMPANY
      CORPORATION TRUST CENTER, 1209 ORANGE STREET
      WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:      10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  UNITED TECHNOLOGIES CORPORATION
     C/O THE CORPORATION TRUST COMPANY
     CORPORATION TRUST CENTER, 1209 ORANGE STREET
     WILMINGTON, DE, 19801

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:     10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-904135.00

To:  UTC FIRE & SECURITY AMERICANS CORPORATION, INC.
C/O REGISTERED OFFICE
15720 BRIXHAM HILL AVE #300
CHARLOTTE, NC, 28277

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL
01-CV-2024-904135.00

The following complaint was FILED on 10/16/2024 11:31:51 AM

Notice Date:    10/16/2024 11:31:51 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** 3M COMPANY, C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE, WILMINGTON, NEW CASTLE, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE
                                                                        ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of        TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.                                              *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.         /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on                                  .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
                              in                          County, Alabama on                    .

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some
   person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
                              in                          County, Alabama on                    who is:

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*                *(Server's Signature)*                *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** AGC CHEMICALS AMERICAS INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

TAMARA LYNN HAMNER
*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ GREGORY A. CADE
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** AMEREX CORPORATION, C/O JAMES M. PROCTOR II 2900 HIGHWAY 280, SUITE 300, BIRMINGHAM, AL 35223

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

TAMARA LYNN HAMNER
*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ GREGORY A. CADE
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** ARCHROMA U.S. INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.          TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:**  ARKEMA INC., 900 FIRST AVENUE, KING OF PRUSSIA, PA 19406

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.                                                          *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*                          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*                          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

_____          _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev. 7/2023 | **SUMMONS**<br><br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** BASF CORPORATION, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.                                        *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*          *(Date)*

Document left:

☐   with above-named Defendant;

☐   with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐   at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*          *(Date)*

☐   the above-named Defendant;

☐   an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** BUCKEYE FIRE EQUIPMENT COMPANY, C/O A HAON CORPORATE AGENT, INC. 29225 CHAGRIN BLVD, SUITE 350, PEPPER PIKE, OH 44122

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.      TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*      *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*      *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CARRIER GLOBAL CORPORATION, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.    TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:**  CHEMDESIGN PRODUCTS INC., C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DR, WILMINGTON, NEW CASTLE, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                              ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                                            .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.                                                              *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐  Return receipt of certified mail received in this office on                                            .

*(Date)*

*Personal/Authorized*

☐  I certify that I personally delivered a copy of this Summons and the Complaint or other document to
                            in                            County, Alabama on                            .

*(First and Last Name of Person Served)*          *(Name of County)*                      *(Date)*

Document left:

☐     with above-named Defendant;

☐     with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐     at the above-named Defendant's dwelling house or place or usual place of abode with some
      person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐  I certify that service of process of this Summons and the Complaint or other document was refused by
                            in                            County, Alabama on                            who is:

*(First and Last Name of Person Served)*          *(Name of County)*                      *(Date)*

☐     the above-named Defendant;

☐     an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐  As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am
at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or
marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| --- | --- | --- |

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| --- | --- | --- |

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |
| --- | --- | --- |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CHEMGUARD INC., C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC. 251 LITTLE FALLS DRIVE, WILMINGTON, NEW CASTLE, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.     TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| --- | --- | --- |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br><br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CHEMICALS, INC., C/O ASHOK K. MOZA 12321 HATCHERVILLE, BAYTOWN, TX 77520

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of      TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.                                                                 *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*        *(Name of County)*                            *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*        *(Name of County)*                            *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am
at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or
marriage to the party seeking service of process.

*(Type of Process Server)*        *(Server's Signature)*                          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CHUBB FIRE, LTD, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.　　　　TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.　　　/s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*　*(Name of County)*　*(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*　*(Name of County)*　*(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | |
|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CLARIANT CORPORATION, CORPORATION SERVICE COMPANY 8040 EXCELSIOR DRIVE, SUITE 400, MADISON, WI 53717

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

TAMARA LYNN HAMNER
*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____.

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CORTEVA, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.       TAMARA LYNN HAMNER
*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*       *(Name of County)*       *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*       *(Name of County)*       *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | |
|---|---|
| *(Type of Process Server)* | *(Server's Signature)*       *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev. 7/2023 | SUMMONS<br><br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** DAIKIN AMERICA, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.      TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** DEEPWATER CHEMICALS, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.          TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____          _____

*(Badge or Precinct Number of Sheriff or Constable)*          *(Server's Printed Name)*

_____          _____

*(Badge or Precinct Number of Sheriff or Constable)*          *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** DUPONT DE NEMOURS, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.     TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** DYNAX CORPORATION, C/O CORPORATE SYSTEMS LLC 3500 S. DUPONT HIGHWAY, DOVER, DE 19901

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     TAMARA LYNN HAMNER
pursuit to the Alabama Rules of the Civil Procedure.     *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

    ☐ with above-named Defendant;

    ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

    ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

    ☐ the above-named Defendant;

    ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| --- | --- | --- |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** E.I. DUPONT DE NEMOURS AND COMPANY, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

,

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

TAMARA LYNN HAMNER
*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** JOHNSON CONTROLS, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.     *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

    ☐ with above-named Defendant;

    ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

    ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

    ☐ the above-named Defendant;

    ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** KIDDE P.L.C., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE,

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

TAMARA LYNN HAMNER
*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____.

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** NATION FORD CHEMICAL COMPANY, C/O JOHN A. DICKSON, IV 2300 BANK STREET, FORT MILL, SC 29715

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.     TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** NATIONAL FOAM, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

,

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.             *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
in County, Alabama on .

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

Document left:

     ☐ with above-named Defendant;

     ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

     ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
in County, Alabama on who is:

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

     ☐ the above-named Defendant;

     ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |

| | | |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |

| | |
|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** PERIMETER SOLUTIONS, LP, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.                                                                      *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:**   THE CHEMOURS COMPANY, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE
                                                                                                                                                                                                                      ,

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                                      .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐  You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

☑  Service by certified mail of this Summons is initiated upon the written request below of          TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.                                                                    *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑  Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐   Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐   I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

Document left:

   ☐   with above-named Defendant;

   ☐   with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

   ☐   at the above-named Defendant's dwelling house or place or usual place of abode with some

   person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐   I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*                    *(Date)*

   ☐   the above-named Defendant;

   ☐   an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐   As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am
at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or
marriage to the party seeking service of process.

| | |
|---|---|
| *(Type of Process Server)* | *(Server's Signature)*          *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2024-904135.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** THE CHEMOURS COMPANY FC, LLC, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                              ,

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of        TAMARA LYNN HAMNER
pursuant to the Alabama Rules of the Civil Procedure.                                                                          *[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.           /s/ GREGORY A. CADE
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*        *(Name of County)*                          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*        *(Name of County)*                          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*           *(Server's Signature)*                 *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** TYCO FIRE PRODUCTS LP, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Names(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.    TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | |
|---|---|
| *(Type of Process Server)* | *(Server's Signature)*    *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** UNITED TECHNOLOGIES CORPORATION, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.     TAMARA LYNN HAMNER

*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-904135.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## TAMARA LYNN HAMNER ET AL V. 3M COMPANY ET AL

**NOTICE TO:** UTC FIRE & SECURITY AMERICANS CORPORATION, INC., C/O REGISTERED OFFICE 15720 BRIXHAM HILL AVE #300, CHARLOTTE, NC 28277

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

TAMARA LYNN HAMNER
*[Name(s)]*

| 10/16/2024 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ GREGORY A. CADE
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

DOCUMENT,S

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   **3M COMPANY**

   **C/O CORPORATION SERVICE COMPANY**

   **251 LITTLE FALLS DRIVE**

   **WILMINGTON, NEW CASTLE, DE 19808**



9590 9402 8238 3030 6808 96

2. Article Number (Transfer from service label)

9589 0710 5270 2367 9285 50

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X    Ryan MacArthur    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

CV-24- 904135

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**USPS TRACKING #**



9590 9402 8238 3030 6808 96

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV 05 2024

JACQUELINE ANDERSON SMITH
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203